Fitzsimons, J.
The defendant’s answer contained in paragraphs second, fifth, sixth and seventh is framed upon the theory .that plaintiff, in his complaint, failed to correctly set out the facts of the transaction' pleaded, and that the answer .does so by pleading new matter which truthfully alleges the facts and pre■sents a valid defense.
I believe that such a pleading is proper, for the Code reads, ‘That the complaint shall contain a plain and concise statement of the facts, and that the answer may allege new matter constituting a •defense.
If the plaintiff fails in his complaint to state truthfully the facts of the cause of action sued upon, I think that the defendant may, In his answer, deny the contents of the complaint and then set out *789 in his own way a plain and concise statement of the transaction .referred to in the complaint, and this is just what the defendant herein claims he did in the sections mentioned. Such pleading I think is in conformity with the spirit of the Code, which contemplates that each party to an action shall fully, fairly and truthfully state the facts upon which they respectively rely to succeed in the prosecution or defense of the same. It apprises each of the parties of the attitude of the opponent Ho surprises are encountered at the trial. The trial justice and jurors are enlightened concerning the question in dispute.
The worst I think that can be said against it is that it discloses too much. For that reason it might be stricken out as surplusage with perhaps ten dollars, but should not be declared demurrable with full costs.
The fourth and eighth paragraphs of the answer also seem to me to be proper, if as therein alleged the plaintiffs filed a lien «against defendant’s real estate, when they had no right to do so, and that defendant was put to the expense and trouble of having that lien removed, which if it remained uncancelled of record would be a cloud and incumbrance on his property.
I think that in such a case he is entitled to recover proper ■damages.
The order appealed from should be reversed and the demurrer «overruled, with costs.
Van Wyck and McCarthy, JJ., concur.